UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
D.L., individually and on
behalf of her minor children S.A.L. and S.O.L.,

        Plaintiffs,

-against-

DAVID HANSELL, individually and as Commissioner,
CARYN MORENCY, individually and as supervisor,
DOSLYN BROWN, WILLIAM BRATTON,
individually and as Commissioner, NYPD, "JANE"
HARRIS, individually and as NYPD detective, "JOAN"
SHAW, individually and as NYPD detective, and CITY
OF NEW YORK,

        Defendants.

------------------------------------------------------------------X

JUDGE SWAIN

17-CV-

17 CV 7037

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Adult plaintiff and infant plaintiffs, appearing by their attorneys, Lansner & Kubitschek, hereby allege against defendants as follows:

PRELIMINARY STATEMENT

        1.    This is a civil rights action, pursuant to 42 U.S.C. §1983, in which plaintiff and infant plaintiffs seek injunctive and declaratory relief and damages to redress the deprivation, under color of state law, of rights secured to them under the First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York law. The action arose from defendants' illegal searches of plaintiff's home and threatened seizure and detention of infant plaintiffs from adult plaintiff without probable cause or due process of law, defendants' threatened interference with infant plaintiffs' schooling, and defendants' interference with the liberty interest of adult plaintiffs and infant plaintiffs in each other's care. The complaint includes pendent state law claims. Under

the misnomer of "child protection," defendants have and continue to harass and terrorize plaintiff and her children, violating their fundamental rights.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343, which provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. The Court has pendent jurisdiction over plaintiffs' state law claims, pursuant to 28 U.S.C. §1367(a).

3. Plaintiffs reside in the City and State of New York, County of New York.

4. Plaintiff D.L. is the mother of infant plaintiffs S.A.L., born in 2002, and S.O.L., born in 2010.

5. Plaintiff has lived together with her children since they were born.

6. Defendant David Hansell is the Commissioner of the Administration for Children's Services of the City of New York, and is sued in his individual and official capacities. Defendant Hansell is responsible for the welfare of all children in need of public assistance, care, support or protection who reside in New York City; for overseeing the administration of ACS; and for assuring compliance by ACS with all applicable federal and state law.

7. Defendant William Bratton is the Commissioner of the New York City Police Department. As Commissioner, defendant Bratton is responsible for ensuring that New York City police officers and detectives comply with the United States Constitution, and the Constitution and laws of the State of New York.

8. Defendant Caryn Morency is a supervisor in the Administration for Children's Services.

9. Defendant Kelly Santos is a child protective specialist, employed by the New York City Administration for Children's Services.

10. Defendant Doslyn Brown is a child protective specialist, employed by the New York City Administration for Children's Services.

11. Defendant "Jane" Harris, whose first name is unknown, is a New York City police officer or detective.

12. Defendant "Joan" Shaw, whose first name is unknown, is a York City police officer or detective.

## FACTS

13. Upon information and belief, on August 23, 2017, someone called the State Central Register of Child Abuse and Maltreatment (the "child abuse hotline") and alleged that the caller had observed plaintiff's nanny beating infant plaintiffs S.A.L. and S.O.L., and that plaintiff was aware of the beatings and took no action to protect the children.

14. Said complaint was false. At all times, including those periods of time relevant to this action, plaintiff has provided excellent and loving care for her children, and has not abused, neglected, or maltreated the children.

15. On August 23, 2017, plaintiff and both of her children were not in the United States.

16. Upon information and belief, the complaint was forwarded to defendant Hansell for investigation.

17. Upon information and belief, defendant Hansell assigned defendants Santos and Brown to investigate the complaint.

18. Upon information and belief, defendant Hansell assigned defendant

Morency to supervise the investigation.

19. Upon information and belief, defendants Brown and Santos went to plaintiff's home on August 24, 2017, while plaintiff and infant plaintiffs were out of the country, and demanded entry. Defendants were unable to gain entry to plaintiff's home.

20. On or about August 25, 2017, defendants Brown Santos, and a third ACS employee came to plaintiff's apartment and demanded entry, stating that they had the right to enter the apartment, to search the apartment, and to interrogate the children outside the presence of plaintiff.

21. Thinking that she had no choice, plaintiff allowed defendants Brown and Santos to search her apartment, question her, and strip search and question her children.

22. Plaintiff showed defendants Brown and Santos the airplane tickets which showed that plaintiff and infant plaintiffs were out of the country on the date that the abuse supposedly occurred, and had been out of the country for more than a month.

23. Plaintiff showed defendants Brown and Santos the stamps on infant plaintiffs' passports, which confirmed that infant plaintiffs had not re-entered the country until August 24, 2017, a day after the caller had called the State Central Register.

24. After questioning plaintiff and her children, defendants Brown and Santos and the third ACS employee left.

25. Defendant Brown told plaintiff that defendants would return in the future, to search the home and to interrogate infant plaintiffs. Defendant Brown told plaintiff that defendants would questions the children's pediatrician. Defendant Brown told plaintiff that defendants would go to the schools that infant plaintiffs attended, to question school personnel.

26. When plaintiff objected, defendant Brown told plaintiff that plaintiff had

no right to object.

27. Plaintiff, through counsel, sought assistance from an Associate Commissioner of ACS.

28. Said Associate Commissioner advised plaintiff that plaintiff was not the target (the "subject") of any child abuse or neglect investigation, and assured plaintiff that there was no need for concern.

29. Contrary to said assurances, on September 14, 2017, defendants Brown, Santos, Shaw, and Harris came to plaintiff's apartment while plaintiff was working, and demanded to search the apartment and inspect infant plaintiffs. Upon information and belief, none of said defendants possessed a search warrant.

30. Because plaintiff was not home, plaintiff's ex-husband was notified.

31. When plaintiff's ex-husband appeared at plaintiff's apartment, defendants Brown, Santos, Shaw, and Harris advised plaintiff's ex-husband that they had a right to search the apartment and questions infant plaintiffs.

32. Said assertions were false. None of the defendants had a right to search the home or the children without a warrant.

33. Acquiescing to defendants' apparent authority, plaintiff's ex-husband allowed defendants Brown, Santos, Shaw, and Harris to enter and search plaintiff's apartment and to question infant plaintiffs.

34. Defendants have threatened to conduct future searches of plaintiff's apartment, future interrogations of infant plaintiffs, and future questioning of staff at infant plaintiff's schools.

35. Upon information and belief, defendants City, Hansell, and Bratton have a

policy and practice of searching homes, interrogating parents and children in all investigations of child abuse and neglect, and interrogating school personnel, regardless of whether probable cause exists to conduct such searches.

36. Upon information and belief, defendants City, Hansell, and Bratton have a policy of removing children and prosecuting parents in the New York Family Court for child abuse or neglect if the parents refuse to permit defendants' caseworkers to search their homes and interrogate the parents and their children.

37. Acting pursuant to said policies, defendants' investigators conducted searches of plaintiff's home on or about August 25, 2017, and September 14, 2017, without probable cause.

38. Acting pursuant to said policy, defendants' employees have demanded that plaintiff permit defendants to conduct future searches of plaintiff's home at defendants' convenience.

39. Upon information and belief, at all times, defendants' investigators acted within the scope of their authority and in the course of their employment, and their acts were pursuant to policies approved and ratified by defendants City, Hansell, and Bratton.

40. At all times, defendants lacked and continue to lack probable cause to interrogate or detain plaintiffs' children, to search plaintiff's home, to go to plaintiff's children's schools, to commence child protective proceedings against plaintiffs, and/or to arrest plaintiffs.

41. None of the defendants provided plaintiff with notice or an opportunity to be heard prior to or subsequent to conducting a search of plaintiffs' home.

42. Upon information and belief, the search of plaintiff's home, the search of the infant plaintiffs, and the interrogation of plaintiffs were accomplished with the mutual

assistance of the defendants and pursuant to policies or practices of defendants.

## FIRST CAUSE OF ACTION

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 herein.

44. Upon information and belief, defendants Hansell, Bratton and Ciy have a policy of conducting bi-weekly searches of the homes of people who are accused of abusing or neglecting their children, even when there is no probable cause to conduct said searches and no consent to said searches.

45. Acting pursuant to said policy, defendants' agents conducted unconstitutional searches of plaintiffs' home on or about August 25, 2017, and September 14, 2017.

46. Upon information and belief, defendants City and Hansell have a policy of conducting bi-weekly interrogations of children who are reported to be victims of child abuse, even when there is no probable cause to believe that the reports are true, and even when the parents have not been accused or suspected of any form of abuse.

47. Acting pursuant to said policy, defendants' agents conducted unconstitutional interrogations of infant plaintiffs on about August 25, 2017, and September 14, 2017.

48. Acting pursuant to said policy, defendants' agents have threatened to conduct additional searches of plaintiff's home and infant plaintiffs' schools.

49. As a result of the defendants' actions, the plaintiff and infant plaintiffs have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## SECOND CAUSE OF ACTION

50. Plaintiffs incorporate by reference paragraphs 1 through 49.

51. Upon information and belief, defendants City, Hansell, and Bratton have a policy of strip searching children, removing and detaining children from their parents without probable cause and based upon constitutionally inadequate investigations of child abuse and neglect charges.

52. Upon information and belief, defendants City, Hansell, and Bratton have a policy of searching children's schools and interrogating children's schoolteachers without probable cause and based upon constitutionally inadequate investigations of child abuse and neglect charges.

53. Acting pursuant to said policy, defendants' agents have threatened to approach infant plaintiffs' schools and interrogate school staff about plaintiff and infant plaintiffs.

54. Defendants City, Hansell, and Bratton have provided grossly inadequate and unprofessional training and supervision to their agents and employees regarding the investigation of child abuse complaints and probable cause determinations, and knew or should have known that their employees were improperly trained and supervised in these areas.

55. As a result of the defendants' actions, the plaintiff and infant plaintiffs have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## THIRD CAUSE OF ACTION

56. Plaintiffs reallege and incorporate by reference paragraphs 1 through 55.

57. Upon information and belief, defendants City and Hansell have a policy of

removing and detaining children from their parents without probable cause and without due process of law, even though the parents have not abused or neglected their children.

58. Acting pursuant to said policy, and without probable cause or due process of law, defendants' agents have threatened to remove and detain the infant plaintiffs from their mother, plaintiff herein.

59. Said policy, and its implementation, constitutes an unlawful interference with plaintiff's liberty interest in the care and custody of her children, in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution. Said policy, and its implementation, are gross deviations from acceptable professional conduct.

60. As a result of the defendants' actions, the plaintiff and infant plaintiffs have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## FOURTH CAUSE OF ACTION

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 60.

62. Defendants and their agents have unlawfully interfered with plaintiff's custody of her minor children.

63. As a result of the defendants' actions, the plaintiff and infant plaintiffs have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## FIFTH CAUSE OF ACTION

64. Plaintiffs reallege and incorporate by reference paragraphs 1 through 63.

65. Defendants have unlawfully imprisoned plaintiff and infant plaintiffs.

66. As a result of the defendants' actions, the plaintiff and infant plaintiffs

have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## SIXTH CAUSE OF ACTION

67. Plaintiffs reallege and incorporate by reference paragraphs 1 through 66.

68. Under the United States Constitution and statutes, and under New York law, infant plaintiffs have a right to an education.

69. Defendants have threatened to interfere with that right by going to infant plaintiffs' schools and interrogating school staff, and interrogating infant plaintiffs at school.

70. As a result of the defendants' actions, the plaintiff and infant plaintiffs have incurred legal and other expenses, suffered and continue to suffer extreme humiliation, pain and suffering, terror, mental anguish, and depression.

WHEREFORE plaintiffs respectfully request that judgment be entered:

1. Granting declaratory and injunctive relief necessary and appropriate to remedy the defendants' violations of the plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution; and

2. Enjoining defendants City, Hansell, and Bratton and their agents and employees from entering plaintiff's apartment without probable cause and without a warrant; and

3. Enjoining defendants City, Hansell, and Bratton and their agents and employees from threatening to remove plaintiff's children; and

4. Enjoining defendants City, Hansell, and Bratton, and their agents and employees, from conducting strip searches and interrogations of the infant plaintiffs without probable cause and without court order; and

5. Enjoining defendant City, Hansell, and Bratton, and their agents and

employees, from contacting staff at plaintiff's children's schools and interrogating said staff about plaintiff's care of the infant plaintiffs; and

      6. Awarding plaintiff and infant plaintiffs damages in a reasonable sum, to be decided by a jury; and

      7. Awarding plaintiff and infant plaintiffs interested from August 24, 2017; and

      8. Awarding plaintiff and the infant plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988; and

      9. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 15, 2017

                                        Carolyn A. Kubitschek
                                        Lansner & Kubitschek
                                        Attorney for Plaintiffs
                                        325 Broadway, Suite 203
                                        New York, New York 10007
                                        (212) 349-0900
                                        Ckubitschek @lanskub.com